# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC MITMAN,** | Case No. 25–cv–13820–ESK–SAK |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **TRACY MITMAN,** *et al.*, | |
| Defendants. | |

  **THIS MATTER** having come before the Court on plaintiff's complaint (Complaint) (ECF No. 1); and the Court finding,

  1. Courts have an obligation to assure itself of jurisdiction at all stages of a litigation. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (noting that "federal courts have an ever-present obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*"). Thus, a court has the authority to *sua sponte* dismiss a case over which it lacks subject-matter jurisdiction at any time. Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

  2. Federal claims lack subject-matter jurisdiction when the claim is "so insubstantial, implausible, foreclosed by prior decisions …, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)). Claims that "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous" should be dismissed. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). In other words, courts can dismiss claims for lack of subject-matter jurisdiction when the complaint is "completely devoid of merit" or "wholly insubstantial and frivolous." *Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of civil rights claim under 42 U.S.C. §1983 for lack of subject-matter jurisdiction where the *pro se* plaintiff failed to allege facts sufficient to show the deprivation of a federal right or that the defendants were state actors).

3. This action arises from plaintiff's divorce from defendant Tracy Mitman. (ECF No. 1 pp. 1, 2.) Plaintiff asserts that Tracy and Tracy's attorney, defendant Alice Cupaiolo, "weaponize[d] the legal system to harm, intimidate, and deprive [him] of his constitutionally protected rights." (*Id.* p. 1.) Plaintiff seeks relief pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985. (*Id.* p. 5.)

4. To succeed on a 42 U.S.C. §1983 claim, a plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right." *Durham v. New Jersey Dept. of Corrections*, No. 22–05482, 2025 WL 642469, at *4 (D.N.J. Feb. 26, 2025). Defendants are not state actors. Rather they are private individuals named in this action for their adversarial roles in plaintiff's divorce proceedings. *See Wolf v. New Jersey*, No. 19–16979, 2023 WL 2367991, at *10 (D.N.J. Mar. 6, 2023), *aff'd*, No. 23–1635, 2024 WL 5154023 (3d Cir. Dec. 18, 2024).

5. To state a 42 U.S.C. §1985 claim for conspiracy to deprive a person of their rights, a plaintiff must allege that the "conspiracy [was] motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Mendez v. New Jersey State Lottery Comm'n*, 532 F. App'x 41, 45 (3d Cir. 2013) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)). Plaintiff fails to allege such a motivation or sufficient facts to support this claim. Since no 42 U.S.C. §1983 violations were plausibly alleged, a conspiracy under 42 U.S.C. §1985 cannot exist.

6. Plaintiff's claims are thus deemed to be frivolous. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (noting that leave to amend must be granted in civil rights actions, "unless such an amendment would be inequitable or futile").

Accordingly,

**IT IS** on this **29th** day of **July 2025 ORDERED** that:

1. The Complaint (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

2

2. The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Edward S. Kiel_
　　　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**